UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NATIONAL INDEPENDENT TRUCKERS
INSURANCE COMPANY, RRG

    Plaintiff,

vs.                                              Case No.: 8:16-cv-3081-T-27TGW

WILNER MATHIEU d/b/a MATHIEU
EXPRESS, et al.,

    Defendants.
_____/

## ORDER

**BEFORE THE COURT** is Plaintiff's Motion for Default Judgment against Mathieu Express, LLC (Dkt. 60). Plaintiff insured a tractor-trailer that was involved in a motor vehicle accident with a vehicle operated by Arisner Agenor. At the time of the accident, Wilbert Sanon was operating the tractor-trailer. Arisner Agenor and his wife, Yvonie Agenor sued Sanon and Mathieu Express, LLC in Pinellas County Circuit Court. Plaintiff filed this declaratory judgment action seeking a judgment declaring the applicable limits of insurance available under a commercial auto insurance policy it issued. Mathieu Express, LLC has failed to answer or otherwise defend and a Clerk's Default was entered against it.[1] (Dkt. 28). The time for it to respond has passed and the Motion is deemed unopposed. Upon consideration, the Motion (Dkt. 60) is GRANTED.

Upon entry of a default, the defendant admits the plaintiff's well-pleaded allegations of fact. *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[2] The

---

[1] Mathieu Express LLC was non-served for failing to continuously maintain a registered agent for acceptance of service of process as required by Fla. Stat. § 605.0113. (Dkt. 42-1 ¶ 3). Plaintiff, therefore, served the Florida Secretary of State pursuant to Fla. Stat. § 48.062(3). (Dkt. 42-1 ¶ 5; Dkt. 33).

[2] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

default, however, does not in itself warrant a default judgment. *Id.* "[T]he well-pleaded allegations in the complaint [must] actually state a substantive cause of action" and there must be "a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007). "[I]n construing insurance policies, courts should read each policy as a whole, endeavoring to give every provision its full meaning and operative effect." *Auto-Owners Ins. Co. v. Anderson*, 756 So. 2d 29, 34 (Fla. 2000) (citation omitted).

Plaintiff issued a commercial automobile insurance policy to Wilner Mathieu d/b/a Mathieu Express applicable for the period November 18, 2013 through November 18, 2014. (Dkt.1 ¶ 11). By virtue of the default, Mathieu Express, LLC admits that at the time of the accident on December 27, 2013, Sanon was an "unreported driver" on the policy. It further admits that Fla. Stat. § 627.7415(3) applies and therefore the liability insurance limits under the policy are reduced to $300,000, the minimum required. (*Id.* ¶ 21-25). Therefore, as to Mathieu Express, LLC, the applicable limit of insurance available from Plaintiff for the accident on December 27, 2013 is $300,000.

Accordingly, Plaintiff's Motion for Default Judgment Against Mathieu Express, LLC is **GRANTED**. With respect to Mathieu Express, LLC , the applicable limits of insurance available under the insurance policy are $300,000. The Clerk is directed to enter Default Final Judgment in favor of National Independent Truckers Insurance Company, RRG and against Mathieu Express, LLC.

**DONE AND ORDERED** this 31st day of July, 2017.

JAMES D. WHITTEMORE
**United States District Judge**

Copies to: Counsel of Record
Unrepresented parties
*Pro se* parties